UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| 600 TURNPIKE RHD TRUST, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 20-40144-FDS |
| NORTH EAST FREIGHTWAYS LLC, AND LAX LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER OF DISMISSAL FOR LACK OF
SUBJECT-MATTER JURISDICTION

**SAYLOR, C.J.**

This case is about a lease dispute. Plaintiff 600 Turnpike RHD Trust seeks a judgment of possession, money damages for breach of contract, and a declaratory judgment of lease termination against defendants North East Freightways, LLC and LAX, LLC.

The first amended complaint asserts that jurisdiction is proper pursuant to 28 U.S.C. § 1332 because "the Plaintiff trust and the two corporate Defendants are citizens or residents of different states, and the amount in controversy in this case exceeds the sum of $75,000.00." (Compl. ¶ 4). It further alleges that plaintiff is a Massachusetts trust with a principal place of business in Canton, Massachusetts. (*Id.* ¶ 1). The complaint then asserts that defendant "North East Freightways, LLC is a New Hampshire corporation [sic]" with a principal place of business in Williston, Vermont, and defendant "LAX, LLC is a New Hampshire corporation [sic]" with a principal place of business in Manchester, New Hampshire. (*Id.* ¶¶ 2-3).

On November 1, 2021, the Court issued an order to show cause as to subject-matter jurisdiction. This order, made *sua sponte*, questioned whether diversity jurisdiction was present because the citizenship of the defendant LLCs was not identified in the complaint. There have been two responses to the order to show cause. Plaintiff's response provided that plaintiff "is an unincorporated Massachusetts Realty Trust with a principal place of business at 40 Shawmut Road, Canton, Massachusetts" and that the "Trustees and Beneficiaries of the Trust are all residents and citizens of Massachusetts." (Aff. of Counsel ¶¶ 1-2, ECF 21). After further interrogatories to determine the citizenship of the defendant LLCs, defense counsel filed a letter with the Court, which stated that defendant LAX, LLC and North East Freightways, LLC each have one sole member: Edition Logistics Management, LLC. (Letter Ex. 1, ECF 23). In turn, Edition Logistics Management, LLC "has 22 members, including one member that is, and was at the time of the filing of the Complaint in this matter, a resident of the Commonwealth of Massachusetts." (*Id.*).

Federal courts have limited jurisdiction, and they may only adjudicate certain types of cases. In general, federal courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and over actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

"The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1988)). "[A]s the party seeking to invoke jurisdiction, [plaintiff] has the burden of showing that [it] has met the statutory requirements." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001). Diversity jurisdiction requires "complete diversity of citizenship as between all plaintiffs and all

defendants."  *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005).

For purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all of its members."  *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (internal quotation marks omitted).  The citizenship of a business trust, like "any non-corporate artificial entity," is derived from the citizenship of all the "entity's members, which include, at a minimum, its shareholders."  *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 380-82 (2016) (internal quotation marks and citations omitted).

Here, plaintiff is a citizen of Massachusetts.  As for defendants, the Court must look to their members, and in turn, the members of Edition Logistics Management, LLC.  Those members include a citizen of Massachusetts.  Because plaintiff and both defendants are considered citizens of Massachusetts, there is not complete diversity of citizenship.  *See Connectu LLC*, 522 F.3d at 91.

Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Accordingly, and for the reasons set forth above, the Court orders that this action be DISMISSED for lack of subject-matter jurisdiction.

**So Ordered.**

Dated:  January 13, 2022

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge